**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4043-18T4

M.M.,

     Plaintiff-Respondent,

v.

J.M.,

     Defendant-Appellant.

_____

          Submitted December 5, 2019 – Decided February 5, 2020

          Before Judges Nugent and DeAlmeida.

          On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Sussex County, Docket No. FM-19-0181-11.

          J.M., appellant pro se.

          M.M., respondent pro se.

PER CURIAM

Defendant J.M.[1] appeals from the February 25, 2019 order of the Family Part denying his motion to terminate his alimony obligation to plaintiff M.M. and from the court's April 26, 2019 order denying his motion for reconsideration. We affirm.

I.

The following facts are derived from the record. In 1983, the parties married. Three children were born during the marriage. In 2010, the couple participated in several sessions of mediation in contemplation of divorce. On September 8, 2010, an unsigned written Memorandum of Understanding (MOU) reflecting the agreements they reached during mediation was prepared.[2]

With respect to alimony, the MOU states "[J.M.] will pay [M.M.] permanent alimony in the amount of $100 per week" and "[a]limony shall terminate upon either party's death or [M.M.'s] remarriage." The MOU also provides, "[t]his document reflects certain agreements reached by the parties during mediation. The terms described in this memorandum shall not be binding

---

[1] We use initials to protect the identity of the parties' children.

[2] At a hearing, M.M. testified that it was her understanding the mediator did not have the parties sign the MOU because it was to be attached to a Property Settlement Agreement (PSA), which would be signed by the parties and approved by the court.

A-4043-18T4

until they are incorporated into a Settlement Agreement prepared by the parties' attorneys and signed by the parties."

The following month, the parties entered into a PSA, which plaintiff, a long-time legal secretary, drafted. The MOU was attached to the PSA as Exhibit A. The PSA provides it is the intention of the parties that their "future relations shall be governed and fully prescribed by the terms of this Settlement Agreement and [MOU]. . . ."

While the PSA provides that J.M. shall pay M.M. alimony of $100 per week pursuant to the MOU, it also contains an alimony termination provision that conflicts with the MOU. According to paragraph 8.1(c) of the PSA,

> alimony shall be paid . . . until the happening of the first of the following:
>
> (a)    death of [J.M.];
>
> (b)    death of [M.M.];
>
> (c)    the [couple's youngest] child attaining the age of 18, unless the child is still enrolled in an undergraduate program of higher education or vocational school after attaining the age of 18, in which event the child shall be deemed emancipated upon the earlier of (A) attaining age 23, or (B) graduation from such program, if continued without unreasonable interruption.

Two days after executing the PSA, M.M. filed for divorce. In her complaint, M.M. requested the court enter an order directing J.M. to pay

3

permanent alimony pursuant to the PSA and MOU. The parties were not represented by counsel in the divorce action. A final judgment of divorce incorporating the terms of the PSA, with the MOU attached, was entered on January 3, 2011.

On February 6, 2017, J.M. moved to emancipate the parties' youngest child and terminate his child support and alimony obligations. On March 31, 2017, the trial court granted the motion emancipating the child and terminating child support but denied termination of alimony. J.M. appealed the denial of his motion to terminate alimony.

We determined the conflicting language of the MOU and PSA created an ambiguity which required the court to determine the parties' intent regarding whether the alimony was permanent or could be terminated upon the occurrence of specific events. M.M. v. J.M., No. A-3758-16 (App. Div. Aug. 24, 2018). We therefore vacated the order denying J.M.'s motion to terminate alimony and remanded for consideration of whether the parties engaged in additional alimony negotiations after the mediation, and if not, whether inclusion of paragraph 8.1(c) in the PSA was a scrivener's error.

On remand, Judge Ralph E. Amirata held a plenary hearing at which both parties testified. On February 25, 2019, the judge issued an oral opinion in

which he concluded that during the mediation, the parties agreed J.M. would be obligated to pay alimony until either one of the parties died or M.M. remarried. Judge Amirata found the parties' agreement on alimony was memorialized in the MOU, and the parties did not thereafter discuss any terms or conditions relating to alimony. The judge also found J.M., prior to signing the PSA, noticed its alimony termination provision was inconsistent with the alimony termination provision in the MOU and failed to bring that inconsistency to M.M.'s attention before signing the document. The court concluded paragraph 8.1(c) of the PSA is "boiler plate language that appear[s] to [have been] carried over from the" provision of the PSA concerning child support. Judge Amirata concluded paragraph 8.1(c) was a scrivener's error that did not reflect an agreement by the parties to alter the terms of the MOU with respect to termination of alimony.

On February 25, 2019, Judge Amirata entered an order denying J.M.'s motion to terminate alimony.

On March 18, 2019, J.M. moved for reconsideration of the February 25, 2019 order. M.M. opposed the motion.

On April 26, 2019, Judge Amirata issued an order denying J.M.'s motion. In a written statement of reasons accompanying the order, the judge concluded J.M. presented no new, previously unavailable evidence in support of his motion

5

and did not establish that the court overlooked controlling precedent or acted on a palpably incorrect or irrational basis when entering the February 25, 2019 order.

This appeal followed. J.M. makes the following arguments for our consideration:

POINT I

THE TRIAL COURT ERRED IN NOT TERMINATING THE HUSBAND'S ALIMONY OBLIGATION.

POINT II

THE WIFE WAS THE SCRIVENER OF THE PSA AND THE DETERMINATION IS AGAINST THE SCRIVENER.

POINT III

THE WIFE DID NOT PRESENT ALIMONY NEGOTIATIONS EVIDENCE THAT THE INTENT WAS PERMANENT ALIMONY.

II.

Our review of a Family Part's order is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). "[W]e do not overturn those determinations unless the court abused its discretion, failed to consider controlling legal principles or made findings inconsistent with or unsupported by competent evidence." Storey v.

6

Storey, 373 N.J. Super. 464, 479 (App. Div. 2004).  We must accord substantial deference to the findings of the Family Part due to that court's "special jurisdiction and expertise in family matters . . . ."  Cesare, 154 N.J. at 413.

We must defer to the judge's factual determinations, so long as they are supported by substantial credible evidence in the record.  Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 483-84 (1974).  This court's "[a]ppellate review does not consist of weighing evidence anew and making independent factual findings; rather, [this court's] function is to determine whether there is adequate evidence to support the judgment rendered at trial." Cannuscio v. Claridge Hotel & Casino, 319 N.J. Super. 342, 347 (App. Div. 1999) (citing State v. Johnson, 42 N.J. 146, 161 (1964)).  We review de novo the court's legal conclusions.  Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378 (1995).

In addition, this court "must give deference to those findings of the trial judge which are substantially influenced by his or her opportunity to hear and see the witnesses and have the 'feel' of the case, which [this court does] not enjoy upon appellate review."  State ex rel. D.M., 451 N.J. Super. 415, 424 (App. Div. 2017) (quoting State ex rel. S.B., 333 N.J. Super. 236, 241 (App. Div. 2000)).

A-4043-18T4

There must be "deference to the trial court's credibility determinations[,]" N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007), "because it 'hears the case, sees and observes the witnesses, and hears them testify,' affording it 'a better perspective than a reviewing court in evaluating the veracity of a witness.'" City Council v. Edwards, 455 N.J. Super. 261, 272 (App. Div. 2018) (quoting Gnall v. Gnall, 222 N.J. 414, 428 (2015)).

Finally, settlement of matrimonial disputes is encouraged and highly valued in our court system. Quinn v. Quinn, 225 N.J. 34, 44 (2016) (citing Konzelman v. Konzelman, 158 N.J. 185, 193 (1999)). Settlement agreements are governed by basic contract principles and, as such, courts should discern and implement the parties' intent. J.B. v. W.B., 215 N.J. 305, 326 (2013); Pacifico v. Pacifico, 190 N.J. 258, 266 (2007). "The court's role is to consider what is written in the context of the circumstances at the time of drafting and to apply a rational meaning in keeping with the 'expressed general purpose.'" Pacifico, 190 N.J. at 266 (citation omitted).

Having carefully reviewed J.M.'s arguments in light of the record and applicable legal principles, we are satisfied there is substantial credible evidence supporting Judge Amirata's findings of fact. We also agree with the judge's legal conclusion the parties' agreement on the duration of alimony was memorialized

in the MOU, and the contrary provision of the PSA was a scrivener's error not reflective of the parties' intent. We therefore affirm the February 25, 2019 order for the reasons stated in Judge Amirata's February 25, 2019 oral opinion.

With respect to the motion for reconsideration, Rule 4:49-2 provides:

> Except as otherwise provided by R. 1:13-1 (clerical errors) a motion for rehearing or reconsideration seeking to alter or amend a judgment or order shall . . . state with specificity the basis on which it is made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred, and shall have annexed thereto a copy of the judgment or order sought to be reconsidered and a copy of the court's corresponding written opinion, if any.

"A motion for reconsideration . . . is a matter left to the trial court's sound discretion." Lee v. Brown, 232 N.J. 114, 126 (2018) (quoting Guido v. Duane Morris, LLP, 202 N.J. 79, 87 (2010)); see also Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). A party may move for reconsideration of a court's decision pursuant to Rule 4:49-2, on the grounds that (1) the court based its decision on "a palpably incorrect or irrational basis," (2) the court either failed to consider or "appreciate the significance of probative, competent evidence," or (3) the moving party is presenting "new or additional information . . . which it could not have provided on the first application." Id. at 384 (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)). The moving

9

party must "initially demonstrate that the [c]ourt acted in an arbitrary, capricious, or unreasonable manner, before the [c]ourt should engage in the actual reconsideration process." D'Atria, 242 N.J. Super. at 401. A motion for reconsideration is not an opportunity to "expand the record and reargue a motion. [It] is designed to seek review of an order based on the evidence before the court on the initial motion, . . . not to serve as a vehicle to introduce new evidence in order to cure an inadequacy in the motion record." Capital Fin. Co. of Del. Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008).

We agree with Judge Amirata's conclusion J.M. did not meet the standards for reconsideration set forth in Rule 4:49-2 and the precedents interpreting the rule. J.M.'s moving papers merely reiterated his understanding of the facts and restated his argument that paragraph 8.1(c) of the PSA should be construed against M.M. because she drafted the agreement. We therefore affirm the April 26, 2019 order for the reasons stated in Judge Amirata's written statement of reasons accompanying the order.

To the extent we have not addressed other arguments raised by J.M., we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4043-18T4